## Mathews and others *vs.* The Howard Insurance Co.

A collision is a peril insured against by a policy, under the general terms perils of the sea, or perils of the lakes.

And where another vessel is injured by a collision with the vessel insured, in such a manner that the insured are compelled to respond in damages, the insurers are liable to the insured for such damages.

The fact that the vessel insured was not injured by the collision, but proceeded safely upon her voyage, makes no difference.

In such a case the collision will be held to be the proximate cause of the damage for which the recovery was had against the insured.

And when the immediate or proximate cause of the loss is a peril insured against, it is no objection to a recovery against the underwriters that the loss was remotely caused by the negligence or fault of the master or crew of the vessel insured.

*Grier* v. *The Phenix Ins. Co.* (13 *John.* 451,) overruled.

This was an appeal by the defendants from a judgment entered at a special term, overruling a demurrer to the complaint. The action was originally brought by the respondents against the insurers, the appellants, to recover a sum of money, on the following state of facts : the appellants, in the year 1848, insured the steam propeller Ontario, then navigating the river St. Lawrence and the lakes, from Ontario to Michigan.   The perils in-

Mathews *v.* Howard Insurance Company.

sured against were " of the lakes, rivers, canals, fires, jettisons, damage of the said vessel or any part thereof," &c. And the policy contained a provision that in case of any loss or misfortune, it should be lawful for the assured, his factors, servants, and assigns to sue, labor and travel for, in and about the defense, safeguard and recovery of the said vessel, or any part thereof, without prejudice to the said insurance, to the charges whereof the said insurance company would contribute according to the rate and amount of the sum therein insured. In Nov., 1848, a collision took place between the Ontario and the barque Utica, somewhere on lake Huron. In March, 1849, the owners of the Utica filed their libel against the Ontario, her owners, &c. in the U. S. district court, for the state of Illinois. The libel alledged, that the Utica was injured by a collision, caused by the carelessness and negligence of the master and crew of the Ontario ; and though these allegations were denied, a recovery was had against the Ontario, &c. for the damages caused by such carelessness and negligence. Having paid, or being liable to pay the damages last mentioned, the insured brought an action against the underwriters on the Ontario, to recover of them the said damages and costs, amounting to $1339,49, together with the interest. The appellants demurred to the complaint; and assigned the following causes of demurrer. 1. That the loss and damage, costs, charges and expenses, to recover which this action is brought, did not arise from a peril insured against, in and by the policy of insurance mentioned in the said complaint. 2. That it did not appear, in and by the complaint, that the collision between the propeller Ontario, and the barque Utica, and the loss and damage set forth in said complaint, and all loss or damage consequent thereon, did not arise from, and was not occasioned by the fault and negligence of the master and crew of the said propeller Ontario ; and hence that it did not appear in said complaint, that any loss or damage had occurred to the said propeller Ontario from a peril insured against in and by said policy of insurance. 3. That it did appear in and by said complaint, that the collision between the said propeller Ontario and the said barque Utica, and all loss and damage and charges consequent thereto,

arose from and was caused by the fault and negligence of the master and crew of said propeller Ontario ; and hence that it appeared, that no loss or damage had arisen to the plaintiffs from any peril or risk, against which the propeller Ontario, or the owners thereof, were insured by the defendants. 4. That it did not appear in and by the complaint, that any loss or damage had occurred to the propeller Ontario, from any cause or peril covered by or insured against, in and by said policy of insurance.

*S. Mathews,* for the plaintiffs. I. The loss in this case arises from a peril insured against. The policy includes all the perils of the sea. Collision, whether it results from accident or negligence, is in all cases a peril of the sea. The loss in this case was occasioned by collision, and is therefore within the terms of the policy. (*Hale* v. *Washington Insurance Co.* 2 *Story's Rep.* 176. *Peters* v. *Warren Ins. Co.* 14 *Peters,* 99. *Sherwood* v. *Mutual Ins. Co. Hunt's Merchant's Magazine, Vol.* 18, *No.* 2, (*Feb.* 1848,) *p.* 186.) II. When the immediate or proximate cause of the loss is a peril insured against, it is no objection to a recovery against the underwriter that the loss was remotely caused by the negligence or fault of the master or crew of the vessel insured. This is the doctrine of the supreme court of the United States. (*Patapsco Ins. Co.* v. *Coulter,* 3 *Peters,* 222. *Columbia Ins. Co.* v. *Lawrence,* 10 *Id.* 507. *Waters* v. *Merchants' Ins. Co.* 11 *Id.* 213. *Williams* v. *Suffolk Ins. Co.* 3 *Sumner,* 270. *And the cases cited under first point.*) It is also the doctrine of the English courts. (*Busk* v. *Royal Ins. Co.* 2 *Barn. & Ald.* 73. *Walker* v. *Maitland,* 5 *Id.* 171. *Dixon* v. *Sadler,* 5 *Mees. & Welsby,* 405. 8 *Id.* 895. 7 *Barn. & Cress.* 217. *Note* (*A*) *to the case of Holdsworth* v. *Wise,* 7 *Id.* 794.) And of the supreme court of Massachusetts ; (*Copeland* v. *New England Ins. Co.* 2 *Metcalf,* 432,) and of the same court in Louisiana. (*Henderson* v. *Western Marine Ins. Co.* 10 *Robinson's Rep.* 164.) And in Ohio. (*Perrin* v. *Protection Ins. Co.* 11 *Ohio Rep.* 147, *overruling* 5 *Id.* 432, *and* 7 *Id.* 1.) The case of *Grier* v. *Phoenix Ins. Co.* (13 *John.* 457,) stands alone. That case was cited and

Mathews *v.* Howard Insurance Company.

disapproved in 3 *Peters*, 222; 11 *Ohio*, 147. It is questioned by Kent in his commentaries, *Vol.* 3, 304 *to* 307, *note.* He says at page 307 that a contrary doctrine "seems to be gaining ground as the prevalent and better opinion."

*D. B. Eaton,* for the defendants I. It is inconsistent with the definition of the contract of marine insurance, and contrary to the very nature and object of such contract, and to the general opinion entertained of the liabilities incurred thereby, that the insurers should be charged with all collateral obligations incurred by the insured, in the course of the voyage, to other persons or property, when the vessel insured goes on her voyage in safety. Mr. Arnold, (1 *Arnold's Ins.* 1,) and Chancellor Kent, (3 *Com.* 254,) use nearly the same language, in defining the contract of insurance, as "a contract whereby one party, for a stipulated sum, undertakes to indemnify the other against losses arising from certain perils or sea risks, to which his ship, merchandise, or other interest may be exposed during a certain voyage, or for a certain period of time." (1.) It will be observed that the liability is limited in two particulars : *First.* The losses for which the insurers are liable are only those suffered by the ship or property insured ; and, *Second.* The liability of the insured does not extend to all such losses, but only to such as are caused by certain specific and enumerated causes, which come under the denomination of perils or sea risks. (2 *Arnold on Insurance,* 801. *Cullen* v. *Butler,* 5 *M. & Selw.* 461. *Taylor* v. *Curtiss,* 6 *Taunt.* 608.) The insured is bound in every instance to show that his loss falls within these rules ; but if the judgment of the court below can be sustained, the insurers will be made in all cases responsible sureties for the skill and fidelity of the master and crew ; and every liability growing out of their conduct or the peculiar laws of any state, which may be enforced by an action *in rem* against the property insured, must be regarded as a peril or sea risk, within the policy. (2.) At first view, the cases of general average losses growing out of jettisons and salvage, and the case of ransom, for which the insurers are liable, appear to be exceptions to the rule that

the loss must be to the property insured; but in these cases, in fiction and contemplation of law, the entire property was, or would have been lost, but for the sacrifices or services for which the insurer is held liable. He does not in the theory of the law, pay for a loss he never insured against, and which never happened to the property insured, but he pays the general average loss, in consideration of having restored to him, all that was saved of such property. (2 *Arnold on Ins.* 446, 447, 878, 881, 882, 890, 891. *Peters* v. *The Warren Ins. Co.* 14 *Peters*, 109.) (3.) In this case, the property insured has never suffered an actual loss by any peril insured against; nor have any sacrifices been made or services rendered, or money paid, to avoid an entire or partial loss of the property insured, by a peril for which the insurers would be liable, as is the fact in the case of a ransom, jettison, salvage, or other general average loss, which is a charge against the underwriters.

II. It is an undisputed principle in the law of insurance, that the underwriter is never responsible for a loss, unless the proximate cause of the loss was a peril insured against; (though there are, as will hereafter appear, some such losses, for which he is not liable. (*See Point* 4. 2 *Arnold on Ins.* 764, 798. 3 *Kent's Com.* 302, 7*th ed.* 374.) (1.) The difficulty, if there is any in this case, is in applying the rule, *causa proxima non remota spectatur*, and not in establishing its existence. Now the proximate cause of the loss must be, either the judgment of the court *in rem* against the vessel, or the collision, or the carelessness and negligence of the master and crew. *First.* It would probably be refining quite too much, to call the judgment the cause of the loss; nor could the position be maintained, that every judgment *in rem* against a vessel, should be a charge against the insurer. But granting it were otherwise, such judgment cannot be regarded a peril within the policy. *Second.* Admitting that a loss by collision is a peril insured against, it is answered, that the collision did no damage to the Ontario. When the collision happened, there was no loss; and proof of collision merely, in the action against the respondents in the circuit court, did not even make out a *prima facie* case of lia-

bility against them. The correctness of this reasoning is made obvious by a reference to the rules of law relative to collision. A collision may take place under four different circumstances : 1. Where no blame is imputable to either party. 2. Where both parties are to blame. 3. By the fault of the suffering party only. 4. By the fault of the party only who inflicts the injury. (2 *Dod. Adm. Rep.* 85. 2 *Arnold on Ins.* 803, 804. 1 *Emerigon on Ins. ch.* 13, § 14. 3 *Kent's Com.* 230, 231.) Under the English law, the appellants would be liable to the other party, in the present case, only in the second and fourth instances. Under the French law, they would also be liable in the first instance. While under the American law, they would be liable only in the fourth case. *Third.* The cause of the loss, then, was the carelessness and negligence of the master and crew of the Ontario. It was this cause that gave the libellants in the U. S. court, a right of recovery against the Utica. The collision was not the material ground of such liability ; the points to be established on that trial were, that the Utica was injured, and that the cause of such injury was the carelessless and negligence of the master and crew of the respondents. If the carelessness and negligence had caused the injury through any other means than a collision, the liability would have been the same. The injury, then, from the same cause, might have been produced through a variety of means, and the Ontario have been liable in the same manner ; and, on the other hand, a collision, without such carelessless and negligence, might have happened under a variety of circumstances, and yet the Ontario not have been liable at all. The respondents, then, in sound legal reasoning, have suffered a loss, not because they suffered the misfortune of a collision, but because the carelessness and negligence of their master and crew inflicted an injury upon the barque Utica. If it be answered, that the negligence caused the collision, and the collision injured the Utica, and was, therefore, the proximate cause of the injury ; it may be satisfactorily and conclusively replied, that the Ontario was liable to pay the loss proximately and solely, not because the collision was the means of the injury, but because the negligence and carelessness of

the respondents' agents were the cause of it. (2.) But that which was the cause of the recovery in the U. S. court, by the libellants against the respondents, must be regarded as the cause of the loss for which, in this action, a recovery is sought against the appellants. There has then been no loss by a peril within the policy, unless the negligence and carelessness of the master and crew of the Ontario, are such a peril within this policy; and the real question before the court is, Whether the insurers are liable for such carelessless and negligence?

III. There is, probably, no decided case, nor any elementary writer of any authority, that lays down the rule, that the underwriters on a policy like the one in the present case, are liable for a loss caused by the carelessness and negligence of the master or crew. The contrary has been repeatedly affirmed. (14 *East*, 481. *The American Insurance Company* v. *Insley*, 7 *Barr's Rep.* 229. 2 *Arnold on Inssurance* 805.) The general and perhaps universal rule formerly was, that if such carelessness and negligence merely contributed directly to the loss, the underwriters were not liable; and the widest departures that have taken place from this rule, are cases which have held, 1. That where the policy insures against barratry, it shall be held to include the lesser wrong of negligence; and 2. That when carelessness and negligence are but the remote and contributing cause, and the efficient and proximate cause is a peril specifically insured against by name, the underwriters shall not be discharged. It is believed that no case has established a broader liability. (*Busk* v. *The Royal Ex. Ass. Co.* 2 *Barn. & Ald.* 73. *Patapsco Ins. Co.* v. *Coulter*, 3 *Peters*, 222. *Columbia Ins. Co.* v. *Lawrence*, 10 *Id.* 497, 517. *American Ins. Co.* v. *Bryan*, 26 *Wend.* 563, 581. *De Vaux* v. *Salvador*, 4 *Ad. & El.* 420. *Fulton* v. *The Lancaster Ins. Co.* 7 *Ohio Rep.* 2. *Grier* v. *The Phœnix Ins. Co.* 13 *John.* 451. *Coolidge* v. *New-York Firemen Ins. Co.* 14 *Id.* 308, 316. 2 *Arnold on Ins.* 774, 805. *Emerigon on Ins.* (*by Meredith*) 329.)

IV. But in this state a much more limited rule of liability than is required to sustain this appeal, has been long firmly established. In 1816, it was settled in the supreme court, that

when the negligence and carelessness of the crew contributed to bring on the injury, the insurers were not liable, though the policy insured against barratry, and the proximate and efficient cause of the injury was a peril insured against by name. This decision was affirmed in the supreme court, after an elaborate discussion, in 1817—and both decisions have been confirmed in the court of errors in a late case; and the same rule has been laid down in the supreme court of the United States. (*Grier* v. *The Phenix Ins. Co.*, 13 *John.* 451. *Coolidge* v. *N. Y. Ins. Co.*, 14 *Id.* 308, 316. *American Ins. Co.* v. *Bryan*, 26 *Wend.* 563, 581. *Emerigon on Ins. by Meredith*, 329. *Waters* v. *The Merchants' L. Ins. Co.*, 11 *Peters*, 219.)

V. There are several cases not decided in this state, having an important bearing upon the points discussed, which require some notice; and which, at first view, it may appear not easy to reconcile; but which, upon examination, will be found not wholly irreconcilable, nor inconsistent with the views of the appellants. (1.) There is the very elaborate case of *De Vaux* v. *Salvador*, (4 *Ad. & El.* 420,) in which the English law was settled, and the insured denied any right of recovery in a case like the present, though the policy insured against barratry. (2.) On the other hand, there are several cases in the United States courts, in every one of which the opinions were delivered by Judge Story, which will doubtless be referred to as opposed to the English decision; but such is not the fact; so far at least as they apply to the case under discussion. One of these cases is *Peters* v. *The Warren Ins. Co.*, (3 *Sum.* 389; *Id.* 14 *Pet.* 99.) That case is very unlike the present: it most distinctly appears that there was no question of negligence in the case. It was admitted that the collision was accidental, and took place without fault of either party. And in such cases the laws of Germany, where the collision took place, apportion the loss; so that mere proof of loss, due care being presumed, made the Paragon liable to contribute. The collision in such a case, therefore, is the proximate, and indeed the sole cause of the loss. The case of *Hale* v. *The Washington Ins. Co.*, (2 *Story's R.* 176,) is less easily reconciled with the claims of the appellants.

But that case is opposed to the whole current of the New-York decisions; to the well established English rule; and is not supported by any other adjudged case, either in the American or French law; and has never been confirmed. Judge Story's opinion scarcely notices the question of proximate cause; and the arbitration in that case was under the English admiralty law of collision, where the loss must be contributed for, though both parties were negligent.

*By the Court,* JOHNSON, J.   A collision is a peril insured against by a policy, under the general terms perils of the sea, or perils of the lakes.   And where another vessel is injured by a collision, in such a manner that the insured are compelled to respond in damages, the insurers are liable to the insured for such damages, under the contract.   This general proposition seems to be now well established as a principle of the law of marine insurance in this country. (*Peters* v. *The Warren Insurance Company,* 14 *Peters,* 99.   *Hall* v. *The Washington Insurance Company,* 2 *Story's Rep.* 176.)   It is objected by the defendants' counsel that the insured vessel in this case was not injured by the collision, but went safely upon her voyage. But that circumstance can make no difference if the damage falls within the contract.   In the two cases cited it is true the insured vessels were more or less injured by the collision.   But I do not perceive that the claim of the owners of the other vessel upon the insured for damages, nor the question whether such damage falls within the contract of insurance, is in the least affected by the fact that the insured vessel was not crippled or injured by the collision.   The damage to the injured vessel either falls within the policy, and is covered by it, or it does not.   If it falls within it, it is perfectly immaterial what further injury or mischief ensued, or whether any other did ensue.   It is still an injury flowing directly from the collision, and to its extent is just as prejudicial to the insured as though inflicted wholly upon their own vessel.

But the cause of the collision is alledged to have been the carelessness and negligence of the master and crew of the in-

Mathews v. Howard Insurance Company.

sured vessel; and the important question to be determined in this case is whether the insured can be permitted to recover the damages they have been compelled to pay, resulting from a collision which happened by the carelessness and negligence of their own servants and agents. The affirmative of this proposition is certainly at first view not a little startling and repugnant to our innate sense of justice. It virtually makes the insurer the guarantor of the faithfulness and vigilance of the agents and servants of the insured, in whose selection he has had no voice, and over whose conduct he has no supervision or control. It enables the insured to use his own wrong or neglect of duty as a substantial ground of recovery, and to create a peril at will to the injury of the other party. It is perfectly obvious that without establishing carelessness and negligence against the master and crew of the insured vessel as the cause of the collision there could have been no recovery of damages against the plaintiff. But whatever we may think the rule ought to be, it is the duty of the court to ascertain and declare what it is, as the judicial tribunals of the country have established it. In the case of *Grier* v. *The Phenix Ins. Co.*, (13 *John.* 451,) where the vessel, among other risks, was insured against fire, it was held that the insurers were not responsible for loss from fire which was occasioned by the carelessness of one of the crew, not amounting to barratry. That case underwent a very thorough and able discussion, and the decision was unanimous, and it has never yet been overruled in this state. It must be admitted, however, that ever since that decision the current of decisions and authority in this country has been setting pretty steadily and uniformly against it, until its authoritative force is very much weakened if not entirely overthrown. In that case Chief Justice Thompson, who delivered the opinion of the court, cited and relied upon the case of *Cleveland* v. *The Union Ins. Co.*, (8 *Mass. R.* 308,) in which the supreme court of Massachusetts had established a similar doctrine. The supreme court of Ohio also laid down the same rule in *Lodwick* v. *The Ohio Ins. Co.*, (5 *Ohio R.* 436,) and *Fulton* v. *The Lancaster Ins. Co.*, (7 *Id.* 2.) The same question came before the supreme

court of the United States in *The Patapsco Ins. Co.* v. *Coulter*, (3 *Peters*, 222,) and it was there held that if the proximate cause of the loss was a peril insured against, the loss is within the policy, and the insurers liable, although the negligence of the master or mariners may have been the remote cause. In that case the cases of *Grier* v. *The Phenix Ins. Co.*, and *Cleveland* v. *The Union Ins. Co.*, were both cited, and held not to be law. Thompson, justice, who delivered the opinion of the court in *Grier* v. *The Phenix Ins. Co.* and Baldwin, justice, dissented from the ruling of the majority. The principle laid down in *The Patapsco Ins. Co.* v. *Coulter*, has been repeatedly re-affirmed by that court, and is now the settled and well established rule. (*Columbia Ins. Co.* v. *Lawrence*, 10 *Peters*, 507. *Walters* v. *Merchants' Ins. Co.*, 11 *Id.* 213. *Peters* v. *Warren Ins. Co.*, 14 *Id.* 99. *Hale* v. *Washington Ins. Co.*, 2 *Story's R.* 176. *Sherwood* v. *Mutual Ins. Co.*) The latter case was decided at the New-York circuit, and is reported at length in Hunt's Merchants' Magazine, Feb. 1848. It is almost precisely like the case under consideration. The same rule prevails in England, and is well settled by numerous decisions. (*Busk* v. *The Royal Ex. Ass. Co.*, 2 *Barn. & Ald.* 73. *Walker* v. *Maitland*, 5 *Id.* 74. *Dixon* v. *Sadler*, 5 *Mees. & Wels.* 405; *S. C.* 8 *Id.* 895.)

In Massachusetts the supreme court has receded from the grounds assumed in *Cleveland* v. *The Union Ins. Co.*, and established the rule in accordance with the decisions of the United States court. (*Copeland* v. *New England Ins. Co.*, 2 *Metc.* 432.) The supreme court of Ohio has also followed the example and overruled the former decisions in that state. (*Perrin* v. *Protection Ins. Co.*, 11 *Ohio R.* 147.) Chancellor Kent, (3 *Kent's Com.* 304, *n. a,*) declares that the weight of authority is decidedly against the ruling in *Grier* v. *The Phenix Ins. Co.* Verplanck, senator, in the case of *Am. Ins. Co.* v. *Bryan*, in the court for the correction of errors, (26 *Wend.* 583,) says, "In late years our courts have held upon good reasons of policy and equity, that underwriters were not discharged from risks expressly assumed, because the losses were incurred remotely or

consequently by the default of the master or mariners ;" and he cites the rule laid down by Judge Story in *Walters* v. *Merchants' Ins. Co.* with approbation. "That in all cases of loss we are to attribute it to the proximate and not the remote cause. (*See also Smith's Mercantile Law,* 347, 348, *and notes.*) It will be seen from this review that the case of *Grier* v. *The Phenix Ins. Co.* in our court stands alone, and unsupported by any authority. It has been held not to be the law in the highest tribunals in the nation. It has been abandoned by the courts in our sister states, who formerly recognized it as authority, and in the highest court in our own state, rules have been admitted as law utterly repugnant to the rule there declared. I confess I do not see so clearly as others profess to have seen "the good reasons of policy and equity," which have led to the rejection of the rule there asserted. But I feel constrained, nevertheless, by the force of authority, to declare that the doctrine of that case is not law, even here.

It was very ingeniously argued by the defendants' counsel that the proximate cause of the loss here must have been the negligence of the master and crew of the Ontario, as without proof of that, no recovery for the loss or damage could have been had against the plaintiffs by the owners of the injured vessel. It is true that it must have appeared that the collision was consequent upon the carelessness and negligence, or no recovery could have been had. But it does not follow from this that the *proximate* cause was not the collision. Whether the collision is the proximate cause of an injury or not does not depend upon the nature of the causes which produced the collision. The proximate cause is the same whether the collision results from an act of God or human agency. Nor was it essential to the recovery against the plaintiffs that the proximate cause of the injury should have been the negligence. All that was essential to show was that the collision was the consequence of the negligence.

It is clear enough that the collision was, as it has always been held, the proximate cause of the damage for which the recovery was had. That being a peril insured against by the terms and

meaning of the policy, the recovery at the special term was proper. The judgment of the special term must therefore be affirmed.

[CAYUGA GENERAL TERM, June 7, 1852.    *Selden, T. R. Strong* and *Johnson,* Justices.]