By the Court. Bosworth, J.
The defendant, by the policy of insurance on which this action is brought, agreed to make good unto the plaintiffs all such immediate loss or damage, as should happen by lire, on their machinery and fixtures in the brick building, situate Eos. 5 & 7 Hague street, in the city of Hew York.
The policy (in the body of it) provides that the company shall not be liable for any loss or damage by fire, which may happen or take place by means of any invasion, insurrection, riot, or civil commotion, or of any military, or usurped power.
Certain conditions were annexed to and made part of the policy, by one of which it is provided and declared that, “ this company will be liable for losses on property burnt by lightning, but not for any loss or damage by fire happening by means of any invasion, insurrection, riot, or civil commotion, nor for any loss occasioned by the explosion of a steam boiler, or explosions arising from any other cause, unless specially specified in the policy.”
The preliminary proofs of the loss, signed and sworn to by ' the plaintiffs, state that a fire occurred in the building Hos. 5 & 7 Hague street, on the 4th of February, 1850. That the fire “ was immediately preceded by the explosion of a steam-boiler on said premises, whereby the walls of the said building were mostly thrown down, and the fire which was used in the furnace of the steam-boiler and in stoves in various parts of said building, was communicated to the frame and woodwork of said building, and the materials and machinery contained therein. That the foregoing is a correct statement of the manner in which *379 the said fire originated, so far as the assured know or believe or have any information.”
William M. Tweed, a witness on the part of the plaintiffs, testified that he was assistant foreman of engine company Ho. 6, that he resided directly in rear of the premises, and that his bed-room window looked right into the building. That he was dressing, when he heard a report like a gun, and looking towards the building, he saw it sinking and a cloud of dust rising. Saw the flame break out before he left the house. The building was a large double one, and became a perfect wreck within a minute. The first fire he saw was near the extreme end; it was rising through the rubbish of the building, a rising flame coming up through the beams of the second story. The fire burned briskly from the time it broke out, being between 7 and 8 in the morning, until 4 p. m., and continued until 6 the next morning.
When the plaintiffs rested, the defendants’ counsel moved for a nonsuit, “ on the ground that it was manifest from the plaintiffs’ testimony, that the insured property was brought into contact with the fire solely by means of the explosion of the boiler, and that then the loss or injury, so far as the same was caused by fire, was occasioned directly by such explosion of the boiler, and that by the express conditions of the policy the defendants were not liable for a loss so occasioned.”
The motion for a nonsuit was overruled, and the decision was duly excepted to. The main question arising on the appeal involves the proper construction of the clause, in the conditions annexed to the policy, which declares that this company will not be liable “ for any loss- occasioned by the explosion of a steam-boiler.”
Was the loss in this ease occasioned by the explosion of a steam-boiler, according to the natural and obvious meaning of those words, as used in this policy?
Unless this clause will exempt the defendant from all loss or damage by fire which may be caused directly and immediately by the explosion of a steam-boiler, it is wholly nugatory.
All kinds of loss resulting from the explosion of a steam-boiler not producing fire, nor bringing the injured property and *380 fire in contact, must necessarily have been borne by the plaintiffs, even if no part of this clause had been contained in the policy. The insurance is only against loss and damage by fire. If there had been no fire, and the insured property had been utterly destroyed by the explosion, no recovery could have been had against the company, even if this clause had been omitted, for the simple reason, that only loss or damage by fire was insured against.
It cannot be supposed that the clause was introduced to. guard against a liability which- could not by any possibility arise, but to guard against one which might arise but for the existence of this provision. The only one which could arise from the explosion of a steam-boiler, would be for an im- - mediate loss or damage by fire occasioned or communicated by such explosion. '
The policy, after providing that the company will not be liable for any loss or damage by fire happening by means of any invasion, &c., adds that they will not be liable “ for any loss occasioned by the explosion of a steam-boiler.” The most comprehensive terms are here used. And if this loss was occasioned by the explosion, it would seem to be covered by the clause, whether the loss resulted from fire being directly communicated to the injured property, or from its being crushed into worthless fragments.
A loss of the former nature was the only one which the company had any occasion to guard against. We think they have done this by the clause in question.
The preliminary proofs and other evidence show that the explosion communicated the fire in the furnace and stoves directly and instantaneously to the insured property. So far as loss and damage by fire resulted from a burning of the insured, property, it was occasioned solely, immediately, and exclusively by the explosion. The explosion and setting on fire of the insured property were simultaneous, and the former caused the latter. It was the actual and immediate cause of the loss.
In Waters v. The Merchants' Louisville Insurance Company, 11 Pet. R. 213, 225, the court observed that, “ some suggestion was made at the bar, whether the explosion, as stated in the pleas, was a loss by fire, or by explosion merely. We are of *381 the opinion, that as the explosion was caused by the fire, the latter was the proximate cause of the loss.”
The opinion there expressed was, that as the fire caused the explosion, the loss was caused by the fire. In this case the explosion threw the fire among the insured property, and immediately set it on fire. The loss produced by burning was therefore occasioned by the explosion. The burning of the property was a direct and inevitable result of the explosion, and not a remote consequence of it.
We are of the opinion, that the loss or damage resulting from a burning of the insured property was occasioned, in this case, “by the explosion of a steam-boiler,” according to the obvious and proper meaning of those words, as used in this policy, and that the plaintiffs ought tp have been nonsuited.
If this view of the case be "correct, it is unnecessary to express an opinion upon the exceptions taken to the charge at the trial, and to the refusal of the court to charge as requested by the defendants’ counsel.
We think, however, that they are not well taken. In the Columbia Insurance Company of Alexandria v. Lawrence, 10 Peters, 517, 518, the court, after discussing the question, expressed the opinion “ that a loss by fire occasioned by the mere fault and negligence of the assured, or his servants or agents, and without fraud or design, is a loss within the policy, upon the general ground that the fire is the proximate cause of the loss, and also upon the ground that the express exceptions in policies against fire, leave this within the scope of the general terms of such policies.”
We consider this the correct rule, and that the defendant has no cause to complain of the instructions of the court in relation to the branch of the case to which this rule was applicable.
The verdict must be set aside and a new trial granted on the grounds, that the plaintiff should have been nonsuited, and that the evidence subsequently given in relation to the cause of the loss, did not vary the case from that established by the proofs which had been made when the plaintiff rested.
Costs should abide the event. : "k