Mickey v. The Burlington Ins. Co.

from the county where the judgment was rendered. Rev., §§ 3248, 3249; *Seaton* v. *Hamilton*, 10 Iowa, 394.

Affirmed.

### MICKEY v. THE BURLINGTON INS. CO.

1. **Insurance**: BREACH OF CONDITIONS: EFFECT OF NEGLIGENCE. The covenant in a policy of insurance or in the application therefor, and which is made a part thereof, that the assured will keep the stoves and pipes in proper condition will not be extended beyond the subject and time contemplated by the parties.

2. —— Nor will merely negligent acts on the part of the assured or his wife, which do not constitute a breach of conditions, though they may have occasioned the loss, be sufficient to avoid the policy.

3. —— APPLICATION OF FOREGOING RULES. The wife of the assured in a policy and application containing a condition or stipulation of the kind mentioned above, with the intention of removing a stove the pipe of which passed through the floor of an upper room and thence into a chimney, as was her custom in the summer season, took down the pipe in the upper room and placed a bed over the hole in the floor through which the pipe passed, but neglected to remove the stove and pipe below. A few days after, a visitor complaining of being cold, the wife, forgetting that the pipe had been removed, caused a fire to be built in the stove, which communicated to the bed, and the house was consumed. *Held*,

    1. That the act of removing the pipe was not such a breach of the condition respecting the keeping the stove and pipe in proper condition, as to defeat the policy.

    2. That the negligence of plaintiff's wife in building the fire, did not avoid the policy.

4. **Evidence**: EXPLANATORY OF ADMISSIONS. If the written or oral statements of a witness are introduced to establish an admission, he has the privilege of giving his understanding of its import or stating its true meaning in the connection as used by him.

5. **Insurance**: PROOF OF LOSS: ESTOPPEL. If an insurance company promises to consider proof of loss submitted to it and to notify the assured of its conclusion thereon, it will thereby be estopped from

Mickey v. The Burlington Ins. Co.

afterward pleading delay on the part of the assured in making loss or commencing suit.

6. Jury and verdict: SPECIAL FINDINGS. A court is not bound to submit to the jury all special interrogatories asked by counsel. It may reject those that are improper or immaterial, or change the form in which they are asked by counsel.

*Appeal from Des Moines District Court.*

FRIDAY, OCTOBER 10.

ACTION upon a policy of insurance against loss by fire upon the dwelling-house and household furniture of plaintiff. By stipulations in the policy the application of plaintiff for insurance and the survey of the premises are made parts of the instrument with a warranty on the part of the insured. A condition of the contract requires the assured, in case of loss, to give "forthwith" notice thereof, and to render, as soon after as possible, a particular account of such loss, signed and sworn to by the assured, stating the existence of other insurance, if any, the actual cash value of the property, etc.; and also to produce a certificate of a magistrate, notary public or commissioner of deeds, that he has examined the circumstances attending the loss, etc., and believes the assured has without fraud sustained loss in an amount to be named. Another condition provides that no suit shall be sustained unless it be brought within six months after the occurrence of the loss, and that, in case an action should be brought after that time, "it shall be taken and deemed as conclusive evidence against the validity of such claim, any statute of limitation to the contrary notwithstanding."

The application of the plaintiff for insurance contained the following interrogatory and answer: "Are your chimneys, fire-places, fire-boards, stoves and pipes all well secured, and will you engage to keep them so?" Answer, "Yes.".

The special defenses to the action set out in the answer

and relied upon at the trial are as follows: 1. Unreasonable delay in making proof of loss as required by the policy, the loss having occurred July 7, 1870, the proof being made October 24, following. The notice required by the terms of the policy, it is admitted, was given two days after the loss; 2. The bar of the limitation fixed by the terms of the policy, the action having been commenced more than six months after the loss; 3. Defective stove pipes, kept by plaintiff in violation of the terms of the policy, by reason of which the property was destroyed by fire. Upon a trial to a jury there was a verdict and judgment for plaintiff. Defendant appeals.

*Newman & Blake* for the appellant.

*Halls & Baldwin* for the appellee.

BECK, Ch. J.— The facts in regard to the cause and origin of the fire which destroyed the property insured are

1. INSURANCE: breach of conditions: effect of negligence.

not contested. They are as follows: The pipe of a stove used in the house passed through the floor of an upper chamber, thence with an elbow into a flue built in the wall. This stove, not being required for use in the summer months, was usually removed. With the intention of removing it, the wife of plaintiff took down the pipe in the second story chamber, and placed a bed over the hole in the floor through which the pipe passed, but she neglected to remove the stove. A few days after, a visitor complaining of the cold, the wife caused a fire to be built in the stove. This she did forgetting that the pipe had been removed. The result was fire communicated to the bed, and the house was consumed. This occurred in the month of July. There is no evidence that the act of the wife causing a fire to be built in the stove was with the intention of destroying the house, but was simply done through negligence and forgetfulness.

I. It is claimed that the removal of the stove pipe was a breach of the covenant of the application (which by its terms became a condition of the policy) to keep the stoves and pipes well secured, and that the policy is thereby defeated and recovery cannot be had thereon.

The covenant bound plaintiff to keep the pipe "well secured." He was obligated thereby to keep it in such condition, and to exercise toward it such care as a man of ordinary prudence would exercise for the protection of his property. The defendant was protected by this covenant from the effects of defective pipes and stoves. It did not bind plaintiff to keep them always up and constantly in use. He could, if his comfort or convenience so required, remove them and dispense with their use. This would not increase the hazard of the risk, and it was therefore not in violation of the conditions of the policy. The contract was entered into with the implied assent of defendant that plaintiff should possess this right. Therefore, if in its exercise the property was lost, defendant is liable. Does the act of plaintiff come under this rule? The pipe was removed preparatory to removing the stove; the use of both were intended to be dispensed with. The stove was put in a condition not to be used. Its use was just as much intended to be dispensed with as though it had been removed to another room or into some out-of-the-way place usually set apart as the receptacle of such things when not in use. Had it been so removed and some one, through negligence and thoughtlessness, should have kindled a fire therein resulting in the destruction of the property, the defendant would have been liable. And this would have been so, as we shall presently see, if the act had been done by plaintiff without fraud or intention to set the house on fire; or without such gross negligence as one with ordinary prudence under no circumstances would fall into. The covenant under consideration does not bind plaintiff to keep the pipe well secured when not in use.

If so he could not take it down or remove it even temporarily. But it cannot be denied that if, during a temporary suspension of the use of the stove and pipe for the purpose of repairs or the like, a fire should occur through negligence of the character above indicated in the use of the stove, defendant would be liable for the loss. The case before us is not different in facts and principles. The use of the stove had been dispensed with, the pipe was partly removed and a negligent attempt was made to use it, from which the loss of the property resulted.

These views do not give assent to the doctrine that the covenants and warranties of plaintiff may be disregarded and not literally performed. But we simply maintain that the act of plaintiff in removing the pipe was not covered by the warranty. As all covenants between contracting parties, the undertaking of plaintiff to keep the stoves and pipe secured must be applied to the subject and time within the contemplation of the parties. It will not be extended beyond them to the prejudice of the assured. We cannot so construe it that it will impose restrictions which are unreasonable. *Peterson* v. *The Mississippi Valley Ins. Co.*, 24 Iowa, 494; *Loud* v. *Citizens' Mutual Ins. Co.*, 2 Gray, 221; *Sayles* v. *North Western Ins. Co.*, 2 Curt. C. C. 610; *Turley* v. *North American Ins. Co.*, 25 Wend. 374; *Townsend* v. *North Western Ins. Co.*, 18 N. Y. 168; *Gloucester Manufacturing Co.* v. *Howard Fire Ins. Co.*, 5 Gray, 497; *Troy Fire Ins. Co.* v. *Carpenter*, 4 Wis. 20; *Gates* v. *Madison Ins. Co.*, 1 Seld. 469; *Hide* v. *Bruce*, 3 Doug. 213; *Dobson* v. *Sotheby*, 1 Moody & Malkin, 90.

We conclude that plaintiff's warranty did not forbid the temporary removal of the pipe at a time the stove was not in use, such restriction not being within the contemplation of the parties.

II. We are now brought to inquire as to the liability of defendant for the negligent acts of the insured and his

wife. The law upon the subject seems to be well settled. STORY, J., in *The Columbia Ins. Co.* v. *Lawrence*, 10 Pet. 507, remarks: "In relation to insurance against' fire on land the doctrine seems to have prevailed, for a great length of time, that they cover losses occasioned by the mere faults and negligence of the assured and his servants, unaffected by any fraud or design." This doctrine is recognized by the following authorities: *Huckins* v. *People's Mutual Ins. Co.*, 11 Foster, 238; *St. John* v. *American Ins. Co.*, 1 Duer, 371; *Hynds et al.* v. *Schenectady County Mutual Ins. Co.*, 16 Barb. 119; *Gates* v. *Madison County Ins. Co.*, 1 Seld. 469; *Catlin* v. *Springfield Ins. Co.*, 1 Sumn. C. C. 434; *Matthews* v. *Howard Ins. Co.*, 13 Barb. 234; 1 Phillips on Insurance, § 1096, and authorities cited.

It has been held that this rule will not excuse extreme, reckless, and inexcusable negligence on the part of the assured, the consequence of which must have been palpably obvious to him at the time. *Chandler* v. *Worcester Mutual Fire Ins. Co.*, 3 Cush. 328. But this decision cannot be regarded as in conflict with the current of the authorities. The gross degree of negligence, and its inexcusable character, coupled with the knowledge of its certain effects, ought, it would seem to us, to raise a presumption that the party intended the obvious and necessary consequence of his act, which at the time were apparent to him.

The principles above stated. are substantially embodied in instructions given to the jury; others requested by defendant, and presenting different doctrines, were refused by the court. These rulings are approved, and need not be further noticed.

III. The plaintiff was permitted, against defendant's objection, to show by his own testimony that it was the custom in his house, in the summer time, to take the stove, from which the fire was communicated to the house, out of the room where it was used. Mrs. McKay was

also permitted to testify, against defendant's objection, "that it was not intended or expected that a fire would be placed in the stove after the removal of the pipe." It is insisted that this evidence was improperly admitted on the ground, in the first instance, that private customs of a party to a contract do not rule therein, unless known to the other, and in the other case that the intention or design of one bound by contract to perform it or not to break it, will not be a defense to a breach. But these principles are inapplicable to the ruling under consideration. The evidence was not admitted for the purposes stated in the objections of defendant's counsel. As we have seen, it was proper to show that the act of plaintiff and his wife in removing the pipes and kindling the fire in the stove was not done with the intention of destroying the house, but in the ordinary course of their affairs as they had always been conducted. In the first instance, the evidence shows that the removing of the stove was in accord with a general practice though negligently done in this case. The other evidence tends to establish that the stove with the pipe removed was left standing without the intent of endangering the house. All this evidence shows the fire to have resulted from negligence and not through danger, and was for that reason properly admitted.

IV. The jury were directed by the court to the effect that if plaintiff delayed bringing suit until after the expiration of six months in consequence of inducements held out by defendant's officer, causing him to believe that the loss would be paid or adjusted without suit, this would operate to remove the bar created by the condition of the policy requiring an action thereon to be brought within six months after the loss. This instruction is clearly correct. A course of conduct on the part of defendant or representations of its officers which would give reasonable ground upon which plaintiff did in fact base the belief that his claim would be settled, would estop defendant to set

up the limitation provided in the policy. It would be contrary to justice for defendant to hold out the hope of an amicable adjustment of the loss and thus delay the action of plaintiff, and then be permitted to plead this very delay which was caused by its own representations, as a defense to the action when brought. The law will hear no such defense. *Grant* v. *Lexington F. & M. Ins. Co.*, 5 Ind. 22. Certain instructions asked by defendant's counsel upon this point, being inconsistent with this view, were properly refused. They require no further consideration.

V. In compliance with the terms of the policy, plaintiff made and delivered to defendant an affidavit setting out the facts connected with the loss; this paper was introduced in evidence upon the trial by defendant. Plaintiff, in his own testimony, was permitted to explain the circumstances under which it was given, and to state the fact that he did not understand the purpose which defendant had in demanding it. He believed at the time that it was to be used for publication as an advertisement. It was prepared by one of the officers of the company. This evidence was objected to, and its admission is now made the ground of an assignment of errors. The statements of the plaintiff in his evidence do not contradict those of the affidavit. The affidavit was introduced by defendant to prove the circumstances of the loss and to establish the admission of plaintiff that he had not done right in permitting the stove to stand after the removal of the pipe. In his evidence, while admitting the statement of facts of the affidavit, he states the understanding he had of its language, and the idea he intended to convey in it. This is certainly not objectionable. If the language of a witness, either written or oral, is introduced to establish an admission, he has the privilege of giving his understanding of its import, of stating its true meaning in the connection as

*4. EVIDENCE: explanatory of admissions.*

used by him. ⎰ See 1 Greenl. Ev., § 462, note 1.   We will not be understood as applying these remarks to contracts or to admissions which are acted upon by another party and thus have the force of estoppels.   It cannot be claimed that the admission in question possesses the character of an estoppel; it is not shown that defendant was induced thereby to change its condition, or to act upon it in any manner.

VI.  Formal proof of loss was not made, as required by the terms of the policy, until October following the fire.

5. INSURANCE: proof of loss: estoppel.   The statement signed and sworn to by plaintiff above referred to had been made on the 13th of July.   The court instructed the jury that, "if the company waived proof of loss in the first instance, and then afterward took under advisement the proof of loss presented in October, and agreed or promised to take action upon it, then plaintiff had the right to wait until defendant took action allowing or refusing the claim before bringing his suit."   In another instruction, the jury were directed that, "if you find the secretary or other officer of the company having authority to act for it promised or agreed to notify plaintiff or his attorneys when final action would be taken upon the claim for loss, then it was the duty of defendant to give notice of its final action."   These instructions are correct.   It was competent for defendant to waive the required promptness in the proof of loss, and if proof was afterward submitted which it promised to consider, agreeing to notify plaintiff of the result thereof, this action would estop it from pleading the delay, either in making the proof or commencing the suit.   The assured could well rely upon the good faith of defendant in respect to these agreements, and govern his actions accordingly.   There was evidence given to the jury to which these instructions were applicable, and upon which they were justified in finding the facts contemplated by the instructions.

VII. The defendant requested the court to direct the jury to return special finding in answer to certain interrog-6. JURY AND atories to be propounded to them. These VERDICT : spe-questions the court refused to submit to the cial findings. jury, but gave others prepared in a different form. The refusal to submit the questions prepared by defendant's counsel is made the ground of certain assignments of errors. We think the action of the court was correct. A part of the questions submitted by defendant's counsel were covered by those prepared by the court and submitted to the jury; others demanded special findings as to facts about which there was no dispute, and which the evidence of both parties clearly established; and others again related to facts that were not in issue or were immaterial. All of the questions may be assigned to one or another of these classes. The court is not required to submit improper questions to a jury because requested so to do by a party, nor to give such as are proper in substance in the precise form in which they are presented by counsel.

VIII. Objections are urged to one of the questions propounded to the jury by the court. No exception was taken to it in the court below; it cannot, for that reason, be reviewed here.

IX. It is insisted that the verdict is not supported by the evidence. We think otherwise. The evidence authorized the jury, in the intelligent and honest exercise of judgment, to find for plaintiff.

The defendant's counsel present the case upon twenty-four assignments of errors, which they have argued under seventeen points. We have not separately discussed each point, believing that all could be sufficiently considered in the manner we have adopted in treating the case. Those not explicitly referred to have been properly considered, and we deem them sufficiently answered in the foregoing

discussion of the principles involved in the case. The judgment of the district court is

Affirmed.

MILLER, J., dissenting.—I am unable to assent to the views expressed in the first paragraph of the foregoing opinion. The plain meaning of plaintiff's agreement is that the stoves and stove-pipes in the house insured were well secured, and that he would keep them so, in order to guard against damage to, or destruction of, the property insured by fire from that source, while using the stoves in his house for ordinary purposes.

The evidence shows that a stove in its usual place in the house was used in the ordinary manner by plaintiff's wife, who had authority so to do, building a fire therein to warm the room, and that *when the stove was so used* the pipe thereto was *not "well secured,"* in consequence of which the house was destroyed by the fire communicated from the stove. This, in my opinion, is a most palpable breach of the plaintiff's agreement which releases the defendants from their obligation to pay any portion of the insurance. Upon this ground the judgment of the court below should, in my opinion, be

Reversed.