By the Court.—Curtis, J.
That there had been & fire, and that the defendant made the insurance, was shown without dispute at the trial. The defendant claims that the court erred in submitting the question in respect to the proofs of loss to the jury as a question of fact instead of law. The defendant insisted that the plaintiff should have furnished certified copies of all bills and invoices relating to his loss. There was evidence that the papers were burned at the fire. The -court charged that if the jury believed from the evidence that Candler neglected or omitted to furnish, on the written requests of defendants or their agents, any vouchers, inventory or inventories, duplicate bills of purchases, copies of invoices of purchase, or any other statements touching his loss, which it was in his power to furnish, then the loss under the policy had never become payable, and plaintiff can not recover; and that if he had not done in this respect all that he could, and that was reasonable under the circumstances, he was not entitled to recover.
It was claimed by the defendant, that the evidence •showed that there had been an inventory made since the making of the one referred to in the preliminary proof of loss, and which the plaintiff did not furnish pursuant to the call made upon him for it. The court charged that if the plaintiff had made such an inventory, and did not furnish it, he was not entitled t'o *524 recover, and that he was bound to furnish all the information he could. There was conflicting testimony as-to whether the plaintiff had furnished all those papers- and copies of papers, and information, that he could furnish. A question of fact arose upon the evidence, which was submitted to the jury, with proper instructions for their guidance, according as they should determine it.
There was also some conflict of testimony as to the-alleged false representation, and over-valuation in obtaining the policy, and also as to the amount and value of the property destroyed by the fire. All this evidence was submitted to the jury clearly and fairly by the court, and they were instructed that if Candler committed any fraud, if he over-estimated the goods, if he attempted to deceive the defendant in his preliminary proofs, if he presented false evidence in any way, if he swore falsely or procured false testimony, the plaintiff was not entitled to recover anything.
The requests of the defendant to the court to charge were complied with, or substantially complied with, except in one respect, to be presently considered.
Upon the questions of fact thus submitted, the jury appear to have found for the plaintiff. After a consideration of the evidence, conflicting as it is in many respects, it is impossible to concede, as the defendant claims, that it fails to support the verdict, and that there should be a new trial granted for that reason.
The evidence showed that a week or ten days before-the fire the store was kept closed mostly during the days, and no one slept there at night. It appeared Candler was absent with his clerk at another store, ancl that Tomlinson, who had quit the business but made Candler’s store his headquarters, and sold for him> when he and his clerk were absent, and who lived in his house, was at that time confined to his bed by illness. The defendant requested, the court to charge- *525 that if the jury believed from the evidence that, in leaving the store-house closed during ordinary business-hours, and during the days or time after October 1, 1868, as shown in the evidence, being absent, and finally with his clerk engaged in business in another plane, eighty miles distant, the risk to the said store premises-of being burned by fire was increased, then their verdict, must be for defendant
The defendant also requested the court to charge that if the jury believe from the evidence that the risk insured was increased by any means whatever within the-control of Candler, and during the pendency of the policy, then their verdict must be for the defendant.
These are the requests the court refused to charge, and to which refusals the defendant excepted. There were no provisions in the policy requiring the "store to be kept continuously open, or that a person should sleep there at night, and no obligation was incurred to that effect by the plaintiff.
The court, however, charged that if the jury believed, from the evidence that Candler, after leaving his storehouse closed on the last occasion before the fire, did not intend to return to it again and carry on business-there in a regular and usual manner : then, within the meaning of the conditions of this insurance contract, the premises became unoccupied, and.their verdict must be for the defendant, but that the occasional and necessary absence of Candler from the store, or its being temporarily closed, as testified to, was not becoming- “ vacant and unoccupied ” in the sense contemplated by the conditions of the policy. That was the law, and that his leaving the store as testified, temporarily, within the ten days or two weeks before the fire occurred, is only a fact for the jury to consider, to ascertain whether, on Thursday or Friday, he meant to-leave permanently.
The court properly instructed the jury as far as the- *526 absence of Candler related to the provision in the policy, as to the premises becoming vacant and unoccupied. There was no error in declining to charge those requests, especially as there was no evidence of an increase of risk, by reason of Candler’s absence, or by reason of not having a person sleep at night on the premises, or for any cause whatsoever. If the evidence did establish the existence of negligence, even very great in degree on the part of the insured, or those acting under him, and occasioning the loss, yet in the absence of fraud the loss is covered by the policy. Mr. Justice Stobt, in the Columbia Ins. Co. v. Lawrence, 11 Peters, R. 518, says, “ that a loss by fire occasioned by the mere fault and negligence of the insured, or his servants or agents, and without fraud or design, is a loss within the policy,” and states that this doctrine was discussed and adopted by the court in The Patapsco Ins. Co. v. Coulter, 3 Peters R. 222. In St. John v. The American M. F. and M. Ins. Co., 1 Duer, 381, this was considered the correct rule; and in Gates v. The Madison Ins. Co., 5 N. Y. R. 478, the reason why it should be so as one of the very objects of insurance, to protect the insured against his own negligence and that of others, is discussed ; and this decision ■is followed in Matthews v. The Howard Ins. Co., 11 N. Y. R. 14, and Judge Denio mentions in the opinion, that the supreme court had formerly held a contrary doctrine citing Grim v. The Phoenix Ins. Co., 13 John. 451.
The objection that the plaintiff did not produce the policy of insurance on the trial, is not of much force. The answer admits the making of the policy, and it appears in the case as one of the Exhibits on the defendant’s part. It was in the hands of Bryce & Company, who were the plaintiff’s agents in this city at the time of the insurance, and one of whom, James Bryce, *527 was examined as a witness on the part of the defendant.
The defendant objects, that this action was prematurely brought, that it should date from February, 1869, when the attachment was served, instead of from its actual date in June, 1869, and that consequently if commenced in February, 1869, it was commenced before the expiration of the sixty days from the receipt of the proofs in conformity with the condition of the policy. The defendant errs in regarding this suit commenced by the sheriff in June, 1869, under the warrants of attachment, as a part of the same proceedings as those in which the attachments were issued in February, 1869. The claim of Candler against the defendant, whatever it may have been in February, 1869, was levied upon by the attachments, and this subsequent action was commenced by the sheriff to protect and enforce that claim against the defendant, and when the judgment and costs in the attachment suits are satisfied, the code (Sub. 4, § 273) requires the residue of the attached property, or the proceeds thereof, to be delivered over by the sheriff to the defendant in the original attachment suits. There is no adequate reason for sustaining the objection and holding that the commencement of the present action should have been antedated to the time when the attachment suits were commenced.
There are several exceptions during the progress of the trial to rulings of the court as to the admission of evidence, but none that seem to constitute a sufficient ground for granting a new trial.
The judgment and order appealed from should be affirmed, with costs.
Monell, J., concurred.