ROBINSON v. CAMPBELL ET AL.

1. **Services:** PHYSICIAN: ORDINARY SKILL PRESUMED.  In an action by
a physician and surgeon to recover for professional services the presump-
tion is that such services were performed in an ordinarily skillful man-
ner, and where want of such skill in their performance is alleged as a
defense the burden of proof is on the defendant.

2. ———: ———: PECUNIARY CONDITION OF PATIENT.  In such an action
the pecuniary ability of the defendant cannot be shown by the plaintiff
to affect the reasonableness of his charges.

3. ———: ———: MEANING OF TECHNICAL TERMS.  The defendants intro-
duced evidence that the plaintiff, a physician, had made certain state-
ments regarding a patient, tending to show that he was ignorant of the
patient's true condition:  *Held*, that it was error to refuse to permit the
plaintiff to testify as to the meaning of the. expressions used by him,
and as to whether they had a technical meaning different from that
ordinarily given them.

*Appeal from Henry Circuit Court.*

WEDNESDAY, MARCH 20.

THE plaintiff claims of the defendants twelve hundred dol-
lars on account of valuable medical and surgical services ren-
dered by plaintiff, a practicing physician and surgeon, about
January 1, 1870, to the mother of the defendants, at the
special request of defendants—said services being known as
making an artificial anus, superinduced by the treatment of
strangulated femoral hernia, requiring great labor and skill.,

The answer of the defendants denies all the allegations of
the petition, and alleges that "plaintiff held himself out as a
physician and surgeon of requisite skill, and large experience
in treating such complaints as their mother was then affected
with, and undertook to treat her and perform such service as
she might require with skill and ability, and that he com-
prehended the same; but plaintiff either did not possess
or did not exercise reasonable skill in his treatment of the
case; that the services performed were not as plaintiff claims,
but were unnecessary, were improperly done, without com-
prehending the condition of the patient, and the surgical

operation he was engaged in performing; that said services were of no value, and were not performed with reasonable skill and ability." There was a jury trial, resulting in a verdict and judgment for the defendants. The plaintiff appeals.

*Palmer & Jeffries*, *Woolson & Babb* and *M. E. Cutts*, for appellant.

*H. & R. Ambler*, for appellees.

DAY, J.—I. The court instructed the jury as follows: (3.) "The law requires of a physician and surgeon in the

1. SERVICES: physician: ordinary skill presumed.

treatment of his patients the use of ordinary skill and diligence only, the average of that possessed by the profession as a body, and not of the thoroughly educated only, having regard to the improvements and the advanced state of the profession at the time of the treatment; and if you find that the defendants or either of them employed the plaintiff as a physician and surgeon to treat their mother and perform a surgical operation on her, and you find that the plaintiff did, as a physician and surgeon, treat the mother of defendants and perform a surgical operation, and did so with the skill above stated, then he is entitled to recover the reasonable value of the services so rendered; and if the jury do not find that the plaintiff so treated the mother of defendants and so performed the surgical operation on her as above stated, then the jury will find for the defendants." (6.) "In this case the action is brought to recover compensation for services rendered by plaintiff as a physician and surgeon, and the defendants claim as a defense thereto that such service was not rendered with such skill as is required by law. As to this issue the burden rests with the plaintiff to show by a fair preponderance of evidence that the service rendered by him was performed with the skill required as set forth in instruction No. 3." This last instruction is erroneous. If it was necessary that the plaintiff should prove these facts, then every mechanic, citizen or husbandman, in order to recover in any case, must aver and prove that the labor for which he seeks compensation was performed in a reasonably skillful

manner.   The law does not impose such burden.   There is no presumption of the law that professional men or mechanics do not possess sufficient skill for the proper discharge of the duties of their various employments, or that, possessing such skill, they are too negligent or too dishonest to exercise it.   Suppose the defendants had not by way of answer alleged that plaintiff did not possess or did not exercise reasonable skill in the treatment of the case.   Then the plaintiff would have made out a *prima facie* case by proving his professional character, his employment by defendants, the rendition of the services and their value.   But the fact that defendants make this allegation in their answer cannot affect the amount of proof necessary to constitute a *prima facie* case.   The defendants have asserted that plaintiff did not possess or did not exercise reasonable skill.   As to this allegation the defendants assumed the affirmative of the issue.   The obligation of proving any fact lies upon the party who substantially asserts the affirmative of the issue.   Greenleaf on Evidence, § 74 and notes.

II.   The plaintiff introduced evidence tending to show the pecuniary condition of defendants, and that the ability of the patient to pay sometimes forms an element in the amount of the charge.   Respecting this the court charged as follows:  "The facts of the circumstances of the parties subject to be charged as defendants herein do not constitute an element in fixing the value of the services.   And, if any evidence has been offered on this subject, the jury should entirely disregard it as the right to recover an amount that might be recovered on the financial worth or standing of the defendant."

2. —: —: pecuniary condition of patient.

The plaintiff assigns the giving of this instruction as error.   The instruction is, we think, correct.   There is no more reason why this charge should be enhanced on account of the ability of the defendants to pay, than that the merchant should charge them more for a yard of cloth, or the druggist for filling a prescription, or a laborer for a day's work.   It is true a physician in general practice will often be called upon to treat indigent persons from whom he will not be able to recover the value of his services.   He may take this into account and reg-

ulate his charges with reference to that fact, just as a merchant may take into account probable bad debts in fixing his *per centum* of profit upon his goods. But the value of a service depends upon the difficulty of rendering it, and the skill required in its performance, and, sometimes, upon the results accomplished, and not upon the riches or the poverty of the person for whom the service is performed. If the ability to pay determines the reasonableness of a charge, then the richer a man is the more he should pay for any service. No such rule of charge can be recognized or countenanced by the law.

III. The plaintiff, when on the stand in chief, was asked on cross-examination if he had not stated to certain witnesses that the patient's bowel had sloughed off from place of hernia downward, or from hernial ring downward. He answered that he did not remember of stating the same, and had not stated the same to anybody. The defendants introduced witnesses who testified that plaintiff had made oral statements to the effect that the lower part of the bowel of the patient had sloughed away since the operation was performed, and that said patient could never have a natural passage. Thereupon plaintiff was called as a witness in his own behalf, and was asked his understanding of the import of the term "lower part of the bowel," if the same was used by him, and as to the true meaning of said term and the other oral terms in the connection as used by him, if the same were used by him. The plaintiff, who had testified that he was a regular graduate of a medical college, and for years had been engaged in general practice of medicine and surgery, was also asked what a surgeon or physician would understand by the term "lower part of the bowel had sloughed off," as applied to or spoken of a person who had been operated upon for strangulated femoral hernia, and gut found mortified. To these questions the defendants objected, and the court sustained the objection. The plaintiff excepted to this ruling, claiming the said term or phrase referred only to the lower part of the bowels in the hernial sack. The court, however, ruled it would permit plaintiff to inquire whether the term "lower part of the bowels" has a technical meaning differing from its ordinarily

received meaning, and no further. This action of the court was erroneous, and prejudicial to the plaintiff. The testimony introduced by defendants, in addition to its tendency to impeach the plaintiff, was calculated to show that he was ignorant of the patient's real condition. The plaintiff should have been permitted to show to what he referred in the language imparted to him. See *Mickey v. Burlington Ins. Co.*, 35 Iowa, 174 (181). For these reasons the judgment is

REVERSED.