Deemer, J.
At a public sale of fine stock, held in Omaha, Neb., in March of the year 1903, plaintiff purchased of defendant an Aberdeen Angus cow, known as “ Clover-land Jet,” with a bull calf six weeks old, “ by her side,” for the gross sum of $300. The animals were sold with this warranty :
A cow with calf is regarded as one animal. Every animal at purchaser’s risk after being knocked down to *145 them. Same will be cared for until the proper time for shipment arrives, when they will be turned over to the Union Stock Yards Company. Terms of sale are cash unless other arrangements are made with the owner before the sale. All animals of breeding age are guaranteed breeders, and in case of failure to breed, after a satisfactory trial, the animal may be returned, and same will be accepted, if in good condition, but we reserve the right for a period of six months to' try said animal, and if said animal proves a breeder, same will be returned at your expense. If animal proves barren, the purchase price, with legal rate of interest from date of sale, will be refunded.
Plaintiff received and paid for the animals and took them to his farm in Shelhy county, Iowa. After several attempts to get the cow with calf, plaintiff, in December of the year 1903, notified defendant that she could not be got with calf. To this defendant responded by suggesting a weaning of the calf and change of bulls. Again, in August of the following year, plaintiff notified defendant that the cow was not a breeder, insisted upon a right to return the animal under the terms of his contract, asked defendant for shipping directions, and advised him that from that time on he would hold the cow at defendant’s risk. This was unanswered, and, in September of the same year, plaintiff wrote the defendant another letter of similar import to that of the one written in August. Defendant replied to this in October asking as to the condition of the cow and as to the disposition of the calf, and saying that, “ if the cow is all right, she should breed for you. In case she does not get in calf by December 1st, let me know.” Defendant in this letter did not recognize plaintiff’s right to return the animal, nor did he give any shipping directions. In the meantime, however, plaintiff received a letter from Florence Miller, in which she said: “ ‘ Cloverland Jet ’ had a calf at foot at time of sale.” And in the October letter defendant wrote: “ A heifer with calf at foot is considered a breeder.” Plaintiff sold the calf which he had purchased with the cow, in March of the year *146 1904, for the sum of $75, and in his petition he alleges: “ That at the same, time, and as part of the same purchase, plaintiff bought the calf of said cow. That the calf bought ■with the cow at the time of the sale was worth then not to exceed $50. The appellant also alleges that he has been damaged in $250 of the purchase price of said cow, and that he has been further damaged for feed and care of said cow in the sum of $50.” In none of his correspondence did he offer to return the calf to the defendant, nor did he offer to do so in his petition. In defendant’s October letter he stated that he would comply strictly with the rules of his sale, asked what had become of the calf, and further said that, if the cow was returned, she must be in as good condition both in weight and quality as she was at the time of the sale, and that he would then reserve the right to breed her for six months.
The action is to recover the purchase price of the cow with damages, on the theory that the sale has been rescinded for breach of warranty, and that under the terms of that warranty plaintiff is entitled to the purchase price of the cow, which he fixes at $250, averring that the calf was worth not to exceed $50 at the time of the sale. We shall assume for the purpose of the case that the cow was not a breeder, and that she did not comply with the terms of the warranty, and we shall also assume that plaintiff made timely complaint and a sufficient offer to return the cow pursuant to the terms of the warranty. On the other side, it is conceded that plaintiff made no effort or offer to return the calf. Indeed he sold it in March of the year 1904, and could not return it. Moreover, no actual damages were shown, nor was there any testimony as to the actual value of the cow, nor as to the expense of feeding and caring for her after the offer to return. Plaintiff’s action is bottomed entirely upon the terms and conditions of the warranty, and he claims that, as he has complied with all the stipulations thereof on his part, he is entitled to judgment for the purchase price of the cow. If the warranty had not provided the remedy for breach thereof, *147 plaintiff would have had an election to rescind for breach of the terms thereof, in which event he would have been required to return everything received by him at the sale, no matter if of inconsiderable value (Allen v. Pegram, 16 Iowa, 163; Coolidge v. Brigham, 1 Metc. [Mass.] 547; or he might have elected to keep the property and have sued the defendant for damages for the breach. In the former case, he might recover the consideration paid, while in the latter he could only recover the actual damages suffered, which must have been established by competent proof. Jackson v. Mott, 76 Iowa, 263. But the parties may stipulate for a special remedy in case of a breach of warranty, and in such event they are limited to and bound by the remedy thus provided. In the instant ease the remedy is provided, and the sole question for our deteimination is: Did plaintiff 'comply with his part of the agreement with reference to the warranty and the breach thereof? It is not contended that he returned the calf. Indeed, he could not do so after the sale thereof; but he contends that the calf was a mere incident of the sale, and that in no event was he bound to return it.
Turning now to the warranty, we find it expressly stipulated that a cow and calf were for all purposes to be treated as one animal, and that in case breeding animals failed to breed after a satisfactory trial the animal might be returned to the seller, if in good condition, and that, if the animal proved barren, the purchase price would be refunded. The defendant (the seller) also reserved the right for the period of six months to try the animal, and, if it proved to be a breeder, to return the same at the buyer’s expense. Plaintiff therefore had the right to return “ the animal,” if it failed to breed after a satisfactory trial, and defendant reserved the right either to accept and return the purchase price or to try the animal for six months to see if she would prove a breeder, in which case she was to be returned to the purchaser. But, if after this trial she proved to be barren, the purchase price was to be refunded. It was optional with defendant to *148 have this six months’ trial, and, as he did see fit to exercise his option, that portion of the contract is out of the case. We are thus brought down to the pivotal question. We have thus far assumed that the animal did not prove to be a breeder after a satisfactory trial by plaintiff (the buyer), and that he offered to return the cow alone to the defendant (the seller). Defendant did not accept the offer, but sought to impose new conditions upon the plaintiff. Plaintiff admits that the sale of the cow and calf was for a gross sum, and that the contract is indivisible; and he further pleaded that the calf was bought with the cow, that the calf was worth not to exceed $50, and that the purchase price of the cow was $250. Was plaintiff required to return both cow and calf in order to recover the purchase price ? We think he was. The contract itself says that “ cow and calf are regarded as one animal.” This must have been for all purposes, not only in so far as the sale is concerned, but also for the purpose of rescission. It is the animal that was purchased which is to be returned. Were there any doubt about this, that doubt disappears when we consider the phrase as to the return of the purchase price. It says, if the animal proves barren, the purchase price will be refunded. What purchase price? Manifestly the purchase price of the animal sold. The animal sold was, under the rules of the sale, a cow and calf. It could not be the purchase price of the cow alone, for there was no purchase price for her, and the contract is manifestly indivisible. Indeed, according to plaintiff’s own theory, he was not entitled to recover the entire purchase price, and so he fixed the purchase price of the cow at $250, and of the calf at $50, and asked for a refund of the $250, with damages for the care of the cow. This is a matter of plaintiff’s own creation. The contract was entire and indivisible and for a gross sum, and it was expressly stipulated that the cow and calf should be regarded as one animal. The only other construction which can be placed upon the contract is that, in the event of a breach of warranty, plaintiff *149 was only required to return the cow, keeping the calf as a penalty or forfeiture for the breach. Forfeitures are not favored in law, and courts will so construe contracts as to avoid them, if possible. Franklin Insurance Co. v. Wallace, 93 Ind. 7; Atwood v. Cobb, 16 Pick. (Mass.) 227, (26 Am. Dec. 657); Smith v. Robson, 148 N. Y. 252, (42 N. E. 677). Again, it is well settled that, in the construction of doubtful contracts, courts will endeavor to give them that interpretation most equitable to the parties, one which will not give one of them an unfair or unreasonable advantage of the other. Field v. Leiter, 118 Ill. 17, (6 N. E. 877); Thrall v. Newell, 19 Vt. 202, (47 Am. Dec. 682); U. S. v. Central R. R. Co., 118 U. S. 235 (6 Sup. Ct. 1038, 30 L. Ed. 173); Johnson County v. Wood, 84 Mo. 489.
Plaintiff concedes that the calf was worth $50 when he purchased it with the cow, and that he sold it within a year for $75, and, recognizing the inequity of his position, asked for the return of but $250 of the purchase price. But this was not what defendant agreed to. lie agreed to return the purchase price of the animal sold — in this case a cow and calf —■ not an assumed or estimated purchase price of a part of the property sold. Of course, defendant cannot complain because plaintiff does not ask for all that he is entitled to. Plaintiff might be entitled to $300, and yet ask for but $250. But his attitude in the suit may properly be taken into account in construing the contract, which at best is somewhat doubtful in its terms.
Aside from the admission made by plaintiff in his pleadings, we know, as a matter of common knowledge, that well bred calves six weeks old when sold with the cow are regarded as valuable, sometimes quite as valuable as the cow herself. And it will not do in the face of this record to say that the calf was a mere incident — a donation, if you please, to the plaintiff. Fairly and reasonably construed, the animal which plaintiff was to return, and for which he was entitled to a refund of the purchase price, was the animal which he *? purchased, which according to the express terms of the contract, was the cow and calf. The purchase price which defendant was to refund was the purchase price of the two, for no other sum was agreed upon, nor did the minds of the parties meet on any other subject-matter. They did not agree that the cow was worth $250 and the calf $50, or upon any other division, and the probabilities are they could not agree to-day. But, however, that may be, courts cannot make contracts for them.
Another rule of construction is that contracts should be viewed in the light of existing law. The contract in question provides for a rescission in case of breach of warranty and a return of the purchase price. In case of rescission the law is too well settled to admit of doubt that the buyer must return or offer to return everything of value which he has received; in other words, place the seller in statu quo. Equity and fair dealing are at the foundation of this rule, and, in constructing contracts providing for a rescission, this rule of law will be read into them, unless it clearly appears that some forfeiture was intended, and that the buyer was not to return all that he received. The contract before us does not require any such construction, for it is manifest that for all purposes where applicable and consistent the cow and calf were to be regarded as one animal. And, as there was no proof of damages, there can be no recovery for breach of warranty. There can be no recovery of the purchase price of the cow alone, for there was no agreement as to her value; and there can be no recovery of the purchase price for cow and calf, for plaintiff has not returned or offered to return the calf. The calf, as has been seen, was not, as plaintiff contends, “ a negligible quantity.” lie admits that it was worth $50 at the time of the sale, and we cannot say that it was a mere incident of the sale.
The trial court was right in directing the verdict, and its judgment is affirmed.