CHARLES B. ZALESKY, Appellee, v. FIDELITY & CASUALTY COMPANY OF NEW YORK, Appellant.

EVIDENCE: Parol as Affecting Writing—Explaining Private Writ-
1 ing. A private writing, as a letter, in the nature of an admission, may be explained by parol, even though not ambiguous.

APPEAL AND ERROR: Harmless Error—Facts Shown by Compe-
2 tent and Incompetent Evidence. The reception of incompetent evidence of a fact otherwise fully established by competent evidence is harmless error.

TRIAL: Special Interrogatories—Interrogatory Not Calling for Ulti-
3 mate Fact. A special interrogatory, not calling for an ultimate fact, is properly refused submission to the jury.

> PRINCIPLE APPLIED: A bond, guaranteeing the performance of a building contract, provided that the same should be void if the obligee gave the contractor an extension of time without the consent of the surety. The court refused to submit this interrogatory: "Do you find that plaintiff gave the contractor an extension of time beyond Oct. 20th for the completion of the contract?" *Held,* properly refused, because not enabling the jury to differentiate between (a) an extension *agreed* upon by the obligee and the contractor, and (b) an extension *taken* by the contractor and acquiesced in by obligee because helpless to do otherwise.

APPEAL AND ERROR: Harmless Error—Instructions Misstating
4 Pleading. Correctly stating the issues to the jury renders harmless immaterial departures from or even misstatements of the pleadings.

TRIAL: Requested Instructions—Matters Otherwise Covered. Re-
5 quested instructions, substantially covered by instructions given by the court, are properly refused.

PRINCIPAL AND SURETY: Release of Surety—Failure to Notify
6 Surety. The fact that the obligee in a bond had the *belief*, during the progress of the work, (a) that the contractor was not paying

his bills with business promptness and might not have money sufficient to pay all bills, and (b) that mechanics' liens might be filed, was not a ''discovery of an act or omission on the part of the principal that might involve a loss'' of which the surety was entitled to notice under the terms of the bond.

**PRINCIPAL AND SURETY:** Release of Surety—Burden of Proof.
7   A surety on a bond which guarantees the performance of a contract, on conditions not specified as conditions precedent, must plead and prove such noncompliance with said conditions as effects his release.

*Appeal from Linn District Court.*—W. N. TREICHLER, Judge.

THURSDAY, MAY 11, 1916.

ACTION on the bond resulted in judgment as prayed.   The defendant appeals.—*Affirmed.*

*Tourtellot & Donnelly,* for appellant.

*G. F. Buresh,* for appellee.

LADD, J.—The plaintiff entered into a contract, July 22, 1912, with J. H. Armstrong, under the terms of which the latter undertook to construct a dwelling house, furnishing labor and material, for the consideration of $1,509.70, to be paid as the work proceeded.   The house was to be finished on or before October 30, 1912.   Armstrong furnished a bond in the sum of $1,500 with the defendant as surety, conditioned:

''That if the principal shall fully comply with all the terms of the contract, then this obligation shall be void; otherwise it shall remain in full force.   The obligee, the principal, and the surety hereby expressly agree, in modification of the foregoing obligation and condition, as follows:   (1) Upon the discovery by the obligee, or by the obligee's agent or employee, of any act or omission on the part of the principal, . . . that shall or might involve a loss hereunder, the obligee shall give immediate written notice thereof with the fullest information obtainable at the time to the surety at its home office. . . . (7) If an extension of time shall be given to the principal by

the obligee, or if the terms of the contract shall be altered or varied by any agreement between the principal and the obligee, . this bond shall be void, unless the consent of the surety to such extension, alteration, or variation, shall be secured and set. forth in an endorsement attached hereto and signed by the president, a vice-president, or one of the secretaries of the surety."

The plaintiff paid at different times $940, the last on October 11, 1912. Armstrong continued in charge thereafter until the house was completed; but plaintiff employed men to work under his direction, as permitted by the contract, to whom he paid $253.37, leaving a balance of $334.33 owing on the contract in his hands. A mechanics' lien for lumber furnished by Canfield Lumber Company, amounting to $210 and $1 cost was filed, December 12, 1912, and a mechanics' lien for material and work amounting to $392.93 and $1 cost was filed by the Cedar Rapids Sash and Door Company, January 4, 1913. The plaintiff paid these liens, and in this action seeks to recover the amounts so paid, less said balance mentioned. The surety company denied liability, for that: (1) Without the consent of the surety of the bond, the plaintiff extended the time for completion of the house; and (2) plaintiff discovered an act or omission of the contractor which might involve a loss on the contract, and failed to notify the surety on the bond thereof, as required under the terms of said bond.

I. On November 18, 1912, the surety addressed a letter to plaintiff, inquiring whether the contract had been completed in a satisfactory manner, and asking that, if not, it be advised of the percentage of the work unfinished. The plaintiff answered, two days later:

1. EVIDENCE: parol as affecting writing: explaining private writing.

"Contract time expired Oct. 30, extended same Nov. 30. About 88 per cent of work now completed."

As a witness, plaintiff was asked what he meant by the first part of the answer, and, over objection that the language was plain and unambiguous, answered:

"We thought when we wrote that letter that Mr. Armstrong wouldn't finish the house, so we naturally extended the contract in that letter. I don't know of any extension of time."

The liberty of explaining a private writing as a letter in the nature of an admission does not depend on whether it was plain and unambiguous or not. That may be the occasion for such explanation when stated. The ruling is approved.

II. An attorney testified as a witness that his firm had been employed by the Cedar Rapids Sash and Door Company to foreclose its mechanics' lien, and, among other things, that "some of the notices were served by the sheriff and partly by publication." The defendant moved to strike this part of the answer as not the best evidence, and a statement of the witness that money had been paid, because it subsequently appeared that this was hearsay. The motion might well have been sustained; but the ruling was without prejudice, for other testimony established conclusively payment of the account before it proceeded to suit.

**2. APPEAL AND ERROR: harmless error: facts shown by competent and incompetent evidence.**

III. The court refused to submit this special interrogatory: "Do you find that plaintiff gave the contractor, J. H. Armstrong, any extension of time beyond October 20, 1912, for the completion of his contract?" The ruling may be sustained on the grounds that the inquiry is indefinite and does not call for an ultimate fact. The interrogatory was open to misconstruction by the jury, in that an extension might have been given either by acquiescing in Armstrong's taking it on his own motion or by agreement; and therefore the issue as to whether an extension was agreed upon in violation of a condition in the bond, or taken by Armstrong, and plaintiff by force of circumstances acquiesced therein, would not be determined by an answer to the interrogatory. The fact called for, then, was not ultimate, and the court rightly refused to submit the inquiry to the jury.

**3. TRIAL: special interrogatories: interrogatory not calling for ultimate fact.**

IV. The court, in stating the issues, said that defendant claimed that, under the bond, "any extension of time given the contractor, Armstrong, by plaintiff renders the bond void and defendant avers that the plaintiff extended the time of the completion of the contract for 30 days, thereby making the bond void." This is said to be erroneous, in that the precise period of the extension was not alleged in the answer. But the issue was correctly stated, the mistake being in stating the fact as claimed. Moreover, the only evidence tending to establish a voluntary extension of the time for performance also tended to show that it was for 30 days. Manifestly, there was no prejudice.

**4. APPEAL AND ERROR: harmless error: instructions misstating pleading.**

V. Exception is taken to the refusal of the court to give Instructions 1 and 2 requested, saying, in substance, that, if plaintiff extended the time for the completion of the building, the verdict must be for the defendant, and it is insisted that the jury was not advised that this would be the consequence of such extension. That issue was included in reciting the issues in the first paragraph of the charge, and in the third instruction, the jury was told that:

**5. TRIAL: requested instructions: matters otherwise covered.**

"The burden of proof is on the defendant to establish by a preponderance of the evidence that the plaintiff granted an extension of time under his contract with Armstrong, the contractor. Mere forbearing to proceed against Armstrong because he had not completed the building at the time specified in the contract would not in itself amount to such an extension of time as is contemplated in the bond or contract sued on, and the burden is on the defendant to establish its claim as to release by reason of plaintiff's alleged failure to comply with the terms of said bond or contract."

This, in connection with the statement of the issues, sufficiently advised the jury of the consequence of a finding that the contract had been extended.

VI. The issue as to whether the plaintiff discovered any

act or omission on the part of the contractor that would or might involve a loss under the bond, and failed to give the surety immediate written notice thereof, was not submitted to the jury. No notice was in fact given, and the only controversy is as to whether there was evidence of any such discovery.

6. PRINCIPAL AND SURETY: release of surety: failure to notify surety.

That plaintiff may have concluded that mechanics' liens would be likely to be filed, or that he might not have money to pay all claims, was merely a condition of his own mind, and no evidence of what the contractor had done or omitted. Plaintiff testified that, about September 18th, he discovered that Armstrong was not paying his bills. What the bills were which he was not paying does not appear. The contract did not fix the time at which materials or labor should be paid by him, save in providing that:

"If at any time there shall be evidence of any lien or claim for which, if established, the owner of the said premises might become liable, and which is chargeable to the contractor, the owner shall have the right to retain out of any payment then due or thereafter to become due an amount sufficient to completely indemnify him against such lien or claim. Should there prove to be any such claim after all payments are made, the contractor shall refund to the owner all moneys that the latter may be compelled to pay in discharging any lien on said premises made obligatory in consequence of the contractor's default."

The failure to pay bills at that time, then, was not in violation of his contract. For all that appears, no bills were then due. All that can be inferred is that he was not paying his bills as plaintiff thought he ought to. There was no showing that the money paid by plaintiff had not been applied on material and labor in the construction of the house, and we are of opinion that the evidence of any omission on his part was too indefinite to have warranted a jury in finding that it might involve loss under the bond. There was, then, no error in not submitting the issue to the jury.

VII.   The court instructed that the burden of proof was upon the defendant, in order to release the surety, to show that the time of performance had been extended.   The defendant, in pleading and in the introduction of evidence, had so assumed, and for this reason is not in a situation to complain.   The court was right in so doing.   The condition of the bond was that the contractor would perform his contract.   This was an absolute promise, avoidable only on certain contingencies not specified as conditions precedent, but relieving the surety of liability on his obligation, and, to be available, must have been pleaded and proven by the surety.   There was no error in overruling the motion to direct a verdict, and the judgment is—*Affirmed.*

7. PRINCIPAL AND SURETY: release of surety: burden of proof.

EVANS, C. J., GAYNOR and SALINGER, JJ., concur.