H. E. BUTTOLPH d.b.a. BUTTOLPH GRAIN COMPANY, appellant, v. HARVEY GEESEKA; appellee.

No. 47706.

(Reported in 44 N.W.2d 434)

OCTOBER 17, 1950.

France & France, of Tipton, for appellant.

Hunt & Powell, of Tipton, for appellee.

WENNERSTRUM, J.—Plaintiff sought judgment against defendant in an action at law on an account for goods and merchandise sold to him. The action was instituted in the District Court of Cedar County on October 14, 1949. Defendant pleaded the statute of limitations as a defense to plaintiff's claim. The trial court, a jury having been waived, held that the defendant had sustained the burden of proving that the statute of limitations was applicable to the evidence presented and entered judgment against plaintiff for costs. He has appealed.

The appellee admitted in his answer that he purchased certain goods set out in appellant's itemized statement attached to the petition. These purchases were made September 3, 17 and 25, 1943. He further admitted that the credit given him of $76.25 on September 17, 1943, noted in the statement, is correct and that there have been no other payments made on the account. Appellee further pleaded that the last item of the account was more than five years prior to the commencement of appellant's action and that the collection of the account is barred by the statute of limitations.

In an amendment to appellant's petition it is claimed that on August 26 and 27, 1946 appellee purchased four bundles of bale ties at a total cost of $61.20. Appellee admitted the purchase of these items but stated that they were paid for by check on the date of their purchase. Appellant further sought recovery of an item for sales tax in the amount of $15 as of September 16, 1946, by reason of an exchange of a tractor. This item was denied in a subsequently filed answer.

The trial court, in its written findings of fact, conclusions of law, and judgment, found and held that the items purchased

on August 26 and 27, 1946 were cash transactions and that they did not involve any extension of credit by appellant to appellee. It further found and held that the charge for sales tax was not such a one as to make it a part of an account in that it was made in connection with the exchange of tractors, and at the time of the transaction no question of a sales tax was in the minds of the parties as the trade was to be even. It further held that the appellant, apparently by reason of an audit by the sales tax division of the state tax commission, was required to account for a sales tax on this transaction and could not make this a charge and a part of an account, as this item was not a contractual extension of credit. The court, therefore, held that none of the transactions after September 1943 became a part of a running account between the parties and that appellant's action was barred by the statute of limitations unless it had been revived by sufficient admissions in writing.

It should be kept in mind that the appellee, in his original answer, admitted "the sale to him by the plaintiff of the items" purchased during September 1943 "as shown by Exhibit A * * * made a part of said petition." However, in this same answer appellee further "denies that he is indebted to plaintiff * * * in any sum whatsoever, and for the reason that the last item upon said account * * * is more than five years past and that the collection of said account is barred by the statute of limitations."

The record indicates the appellee did not personally sign the answer or the amendment to it and that it was signed by his attorney. In the appellant's brief it is argued that a party would be bound by pleadings filed by his attorney.

The propositions upon which appellant relies for reversal are two in number, to wit: (1) That appellee in his answer admitted the items purchased in September 1943 and the payment on account during that same month, and further, that by said pleading it is conclusive that the amount is unpaid, (2) that where defendant admits the account and denies any payments made except the credit admitted in the pleadings, the balance of the account is admitted to be owed.

I. It is our conclusion that the only question presented by appellant's appeal is whether the appellee, by his pleading, admitted in writing the indebtedness and thus revived

it. The applicable statutes are sections 614.1(5),· 614.5 and 614.11, 1950 Code, which are as follows:

"614.1 Period of [Limitations of Actions]. Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially declared: * * * 5. Unwritten contracts—injuries to property—fraud—other actions. Those founded on unwritten contracts * * * within five years, except as provided by subsection 9."

"614.5 Open account. When there is a continuous, open, current account, the cause of action shall be deemed to have accrued on the date of the last item therein, as proved on the trial."

"614.11 Admission in writing—new promise. Causes of action founded on contract are revived by an admission in writing, signed by the party to be charged, that the debt is unpaid, or by a like new promise to pay the same."

We do not deem it necessary to comment in detail on what constitutes an admission in writing or to review our many cases which have passed upon this question. Many of our cases are commented upon in the hereinafter referred to case. We deem it sufficient to call attention to our last holding bearing upon the question herein involved where we commented upon a claimed admission of an indebtedness which is immediately qualified by a reference to the fact that it is barred by the statute of limitations. In the case of Horn v. Anderson, 234 Iowa 1068, 1074, 13 N.W.2d 693, 696, we stated: "An admission, which the writer qualifies in the next breath by the assertion of the defense of the statute, is not the kind of an 'admission' contemplated by the legislature in section 11018 [614.11, 1950 Code]."

It is our conclusion that this pleading, which the record indicates was signed by the attorney and not the party, would not be an admission in writing signed by the party to be charged within the provisions of the statute. And in any event, the language of the pleading would not constitute an "admission * * * that the debt is unpaid" under the provisions of the statute.

We, therefore, conclude that the trial court was correct in dismissing appellant's petition and in entering judgment against plaintiff for costs.—Affirmed.

GARFIELD, C. J., and OLIVER, HALE, HAYS, MANTZ, and MULRONEY, JJ., concur.

SMITH and BLISS, JJ., concur in the opinion except that they do not deem Horn v. Anderson, supra, applicable.