WILLIAM B. CORNICK et al., appellees, v. SOUTHWEST IOWA BROADCASTING COMPANY, a corporation, appellant.

No. 50177.

(Reported in 107 N.W.2d 920)

654

MARCH 7, 1961.

Arnold O. Kenyon, of Creston, for appellant.

Killmar & Reynoldson and Edward T. Harvey, Jr., all of Osceola, for appellees.

THOMPSON, J.—The plaintiffs are William B. Cornick, Kathryn Bennett and John W. Harshaw. Each was employed by the defendant at various times prior to the bringing of this action. The petition is in three divisions, each based upon the alleged claim of one of the plaintiffs. The action was brought under the provisions of Title 29, U. S. C. A., section 207 et seq. The defendant filed answer, and the matter was tried to the court which sat as the sole trier of the facts and the law. The court found both the facts and the law as alleged by plaintiffs, and entered its judgment for the amounts prayed, with liquidated damages in an equal amount as provided by section 216(b), of the Laws of the United States as found in Title 29 of the United States Code Annotated. Attorney fees were allowed as provided by section 216(b), supra. The defendant appeals to this court.

I. We give attention first to the "Propositions Relied on for Reversal" as stated by the defendant. They are two: first "It is a basic principle of the law that where there is no ambiguity in a written instrument, parol evidence cannot be received to vary the terms of the writing which is a memorial of the understanding of the parties." and second, "The burden rested squarely upon the individual plaintiffs to establish the allegations of their petition by a preponderance of the evidence."

It will be at once observed that these are no more than abstract statements of the law. They do not comply with our Rule of Civil Procedure No. 344, entitled "Form and Contents of Briefs." In particular, rule 344(a)(4)(First), says that the brief shall contain: "A statement of the 'error' or 'proposition' relied on and discussed in that division, with references to the pages and lines of the record, sufficient to show fully the

manner in which the error arose and the ruling of the trial court thereon." The propositions stated by the defendant do not, in fact, advise us that the court violated the rules of law which they set out; much less refer to the pages and lines of the record which show fully the manner in which the error arose. However, the question is not raised by the plaintiffs, but the supposed questions are fully argued by all parties. Since we prefer to decide cases upon the merits, we have concluded to give attention to the points argued; but we mention the deficiencies in stating the propositions relied upon for reversal as a guide and warning to future litigants. We may not always be so leniently inclined, particularly when the point of failure to comply with the rules is made by the opposing party.

II. From the arguments, we glean that the first complaint of the defendant is based upon certain time sheets signed by the plaintiffs during the terms of their employments. As each pay-day was reached during these periods, each employee was required to sign one of these sheets, which purported to show the hours worked during the period for which wages were due. **These were offered in evidence and show that** the plaintiffs are now claiming they worked more hours than are set out on the time sheets. The plaintiffs testified the sheets are incorrect and do not in fact reflect the proper amount of time worked. So the defendant insists these time sheets, being written instruments, may not be varied or contradicted by parol evidence. The trial court did not agree with this contention, nor do we.

It should be first noted that existing statutes and the settled law of the land are a part of every contract, and must be read into it as though it were specifically referred to therein. 12 Am. Jur., Contracts, section 240, pages 769, 770; 17 C. J. S., Contracts, section 330, pages 782, 783; White v. Miller, 132 Iowa 144, 150, 109 N.W. 465, 467, 8 L. R. A., N. S., 727. When the subject matter of a contract is exclusively one of national cognizance and Congress has enacted a governing law, the parties will be presumed to have contracted with reference to such law. 17 C. J. S., Contracts, section 330, page 784, and authorities cited. Stated in another way, the parties may not contract in defiance of a statute which regulates the

subject matter of their agreement. Iowa Electric Co. v. Incorporated Town of Winthrop, 198 Iowa 196, 203, 198 N.W. 14, 17.

So it may well be doubted whether the parties hereto could avoid the provisions of Title 29, supra, by any agreement they might make or any evasion they might attempt. The point is not argued and we shall not stress it further. We turn to the question whether the time sheets were such written instruments that they could not be varied or contradicted.

■■■ The defendant cites numerous authorities in which it has been held that written instruments evidence the true agreement of the parties and may not later be contradicted by oral or outside evidence. We do not find them in point. The matter is ruled by our holding in Blunk v. Kuyper, 241 Iowa 1138, 1146, 44 N.W.2d 651, 656. There we quoted with approval from 32 C. J. S., Evidence, section 928: "* * * 'a writing which does not vest, pass, nor extinguish any right by contract, operation of law, or otherwise, but is used as evidence of a fact, * * * may be susceptible of explanation by extrinsic circumstances or facts.'" Also we set out this from 20 Am. Jur., Evidence, section 1107: "'If a writing is introduced in evidence as an admission, and not as part of the contract between the parties, it is always admissible for the person who wrote it, and against whom it is introduced, to explain the meaning he intended to convey.'"

■■ It is the defendant's contention that the time sheets did in fact vest a right—the right to receive pay—in the plaintiffs, and so come within the rule of exclusion above set forth. But we think the right was vested by the contract of employment. The time sheets were the plaintiffs' statements of their claims for pay, but did not in themselves give any right. If they had not in fact been hired, either by express or implied contract, the time sheets would have entitled them to nothing. They were, in fact, under the circumstances of this case, admissions, and so come within the rule from 20 Am. Jur., Evidence, section 1107, quoted in the preceding paragraph. No question of waiver or estoppel is pleaded or relied upon by the defendant, and we think the sheets with the signatures of the plaintiffs thereon were no more than statements of their claims at the

time, now sought to be used by the defendant as admissions that only so much as was shown thereon was actually due. The trial court properly admitted explanations and contradictions. The situation is comparable to that of a merchant who sends out an inaccurate statement of account. If it is not correct, he may explain or contradict it. It is not the statement of account which vests his right to receive payment from his customer, but the original contract of sale and purchase.

III. The defendant's next proposition relied upon for reversal, as illuminated by the arguments, is that there was no substantial evidence upon which the trial court could properly find for the plaintiffs. It is of course elementary that the burden was upon the plaintiffs to make their case. In so doing, it was incumbent upon them to carry the burden of showing they had worked hours for which they were not paid, or were insufficiently paid; and this they were compelled to do by a preponderance of the evidence. It is also true that the findings of fact of the court sitting in a law action without a jury have the effect of a special verdict. Rule 334, R. C. P. This means that if there is substantial evidence supporting the fact findings of the court we are bound by them. In re Estate of Dashiell, 250 Iowa 401, 403, 94 N.W.2d 111, 112, and citations. And the evidence will be construed in the light most favorable to the trial court's judgment. Staley v. Fazel Bros. Co., 247 Iowa 644, 648, 75 N.W.2d 253, 255, and cases cited.

We have studied the record carefully, and find that with one exception there is adequate evidence to support the facts found by the trial court. It would be a needless use of time and space and of no aid to the legal profession to analyze the supporting evidence, and we shall not do so. However, at one point we find nothing upon which a part of the verdict for plaintiff Kathryn Bennett can be upheld. In her petition, paragraph (8), she claims: "That for the week ending October 13, 1956, through the week ending April 13, 1957, plaintiff worked three hours on Sundays for which she received no additional compensation, or a total of 81 hours at $1.50 per hour, for a total of $121.50."

The evidence in support of this claim is found in her own

testimony. It appears that at this time her son Gary, a high-school student, was employed by the defendant at janitor work in cleaning the studios. As to this Mrs. Bennett testified.: "* * * it is something I wasn't hired to do. * * * I went out with Gary to help him because he was a senior in high school and I went along to show him how to clean up the station, and I helped him to do it. * * * I didn't have a 'squawk' against Mr. Horning [manager of defendant] for that at all, and I only went along to help him, and I worked along beside him, and I told her [an investigator for the labor department] that, and I told her I wasn't hired as a janitor and I wasn't paid for it. * * * Mr. Horning saw me do the work and he did not object."

This means only that Mrs. Bennett was aiding her son in earning his pay as a janitor. She was not employed by the defendant for that purpose. The necessary work of cleaning up the studios devolved upon her son, and he was paid for it. We do not think she was entitled to extra pay for helping her son earn his stipend. For this she was allowed $121.50, plus an equal amount as liquidated damages under the provisions of section 216(b), supra. The judgment in her favor must be reduced by the sum of $243.00.

IV. No complaint is made of the formula used by the court in determining the amount due each plaintiff, which is in accord with the provisions of the Fair Labor Standards Act as amended. The judgment of the trial court is affirmed, with the exception of the reduction required by Division III above. As so modified, it is affirmed.

V. Section 216(b), supra, requires that a reasonable attorney fee be allowed for services of plaintiffs' counsel in this appeal. The sum of $200 is allowed for this purpose, judgment for this additional amount to be entered in the trial court. Costs are taxed four fifths against the defendant and one fifth against plaintiff Kathryn Bennett.—Modified and affirmed.

All JUSTICES concur.